UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CR-00020-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRANDON LASHON INGRAM | ) | |
| | ) | |

This matter is before the court on defendant's motion to suppress and motion for leave to file the same out of time. The government filed responses to both motions.

The government does not oppose defendant's motion for leave to file, and it is ALLOWED.

Defendant requests that all evidence resulting from his custodial interrogation by Officer Chad Biggs of the Cary Police Department on 7 December 2011 be suppressed because defendant was not first advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).

> The Fifth Amendment commands that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This privilege against self-incrimination is not limited to statements made during criminal court proceedings; rather, it attaches whenever a person is in custody and subject to interrogation. *Miranda v. Arizona*, 384 U.S. 436, 467, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966). Custodial interrogation "mean[s] questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444, 86 S. Ct. 1602. Thus, during the course of a criminal trial, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.*

United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007) (footnote omitted).

As Miranda protects statements made while a defendant is being interrogated, the admission of spontaneous and volunteered statements, that is, statements which are not the product of interrogation, is not prohibited. United States v. Wright, 991 F.2d 1182, 1186 (4th Cir. 1993). Also, statements obtained in violation of Miranda may be used to impeach a defendant on cross-examination but only if the statements are "voluntary." See United States v. Kahn, 461 F.3d 477, 497 (4th Cir. 2006) ("[S]tatements obtained in violation of *Miranda* can be used to impeach a witness, but statements that were made involuntarily cannot be used against a defendant at all." (citing Mincey v. Arizona, 437 U.S. 385, 398 (1978)).

> For the statements to be off limits to cross-examination as "involuntary," the facts would have to show that they were not "the product of a rational intellect and a free will." *Mincey*, 437 U.S. at 398, 98 S. Ct. 2408 (internal quotation omitted) (regarding the interrogation of a seriously wounded defendant suffering unbearable pain, almost in a coma, lying on his back in an intensive care unit encumbered by tubes, needles, and breathing apparatus). "To determine whether a defendant's will has been overborne or his capacity for self determination critically impaired, [we] must consider the 'totality of the circumstances,' including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." [*United States v.* ]*Cristobal*, 293 F.3d [134,] 140 [(4th Cir. 2002)].

Id.

In this case, the subject incident was recorded by means of audio/video technology, (see Def.'s Ex. 1), and the court has reviewed the recording in its entirety. The government does not dispute that defendant was in custody or that he was not advised of his Miranda rights. The government contends, however, that defendant made a spontaneous statement during the course of his verbal exchange with Officer Biggs which would be admissible in its case-in-chief.

2

Specifically, the government claims that "the defendant volunteered a statement to Officer Chad Biggs to the effect of 'can we work something out[,]'" and that Officer Biggs repeated the statement back to defendant "to ensure that it was captured by his [i.e., the officer's] audio recording device." (Resp., DE # 44, at 2.) The government does not identify at what point on the recording defendant supposedly made the statement. On the recording, one can clearly hear Officer Biggs pose to defendant the following questions, "Can we work something out if I take you down? Me and you work something out?" (Def.'s Ex. 1, available time remaining 14:38-14:34). To which defendant appears to respond, "Yeah" to each question. (Id.) However, immediately prior to these questions, defendant does not say anything similar to "can we work something out." (See id. at 15:00-14:39.) Obviously, if defendant did not make the statement, there is nothing to admit.

There being no other statement on the recording which the government contends is admissible during its case-in-chief, the court will suppress all of the recorded statements defendant made to Officer Biggs on 7 December 2011, at least for purposes of the government's case-in-chief. To the extent defendant suggests that other, unspecified evidence should be suppressed as "fruits of the poisonous tree," (see Mot., DE # 42, at 5), the court notes that this doctrine does not apply simply by virtue of law enforcement's failure to provide Miranda warnings. United States v. Patane, 542 U.S. 630, 642 (2004) (plurality). Thus, the violation of Miranda does not require the suppression of any physical evidence obtained as a result of defendant's statements to Officer Briggs. See United States v. Kimbrough, 477 F.3d 144, 145 n.1 (4th Cir.) (relying in part on Patane to recognize that "physical evidence discovered as a result of a *Miranda* violation is admissible"), cert. denied, 552 U.S. 864 (2007).

3

As for the government's contention that defendant's statements are admissible on cross-examination of defendant at trial, the court will not resolve the issue now. Rather, the court instructs counsel that should this case proceed to trial, no counsel shall refer to, or elicit testimony about, any of the recorded statements defendant made on 7 December 2011 to Officer Biggs, without first obtaining the court's permission outside the presence of the jury.

In conclusion, defendant's motion to suppress is GRANTED IN PART. The court reserves ruling on whether any of defendant's recorded statements are admissible for purposes of cross-examination of defendant at trial.

This 9 May 2012.

                                               W. Earl Britt
                                               Senior U.S. District Judge